[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14268
Non-Argument Calendar

_____

D. C. Docket No. 03-60896-CV-KAM

ALBERT MERGET,

Plaintiff-Appellant,

versus

GENE MOSS, individually,
EDWARD S. NEKRITZ,
IVAN J. SMITH AND CO. INC.,
NINA LASCARI,
SANDRA DRISCOLL,

Defendants-Appellees,

KENSINGTON ASSOCIATES, a Florida general
partnership,
d.b.a. The Kensington, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 4, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Albert Merget, proceeding <u>pro se</u>, appeals the district court's grant of partial summary judgment as to certain defendants in an action alleging, <u>inter alia</u>, violations of the Fair Housing Act, 42 U.S.C. § 3604, and 42 U.S.C. § 1982. Because Merget has not identified any genuine issue of material fact for trial, we AFFIRM the judgment of the district court.

## I. BACKGROUND

In May 2003, Merget, a white male, proceeding <u>pro se</u>, brought an action in federal district court against a number of defendants, including Gene Moss and Edward Kekritz, partners in Kensington Associates, which operates the Kensington, a residential high rise rental property in Broward County, Florida, where Merget formerly lived. Merget also named as defendants Sandra Driscoll, an employee of the Kensington who was responsible for leasing apartments and handling certain administrative duties, Ivan J. Smith & Co. ("Smith & Co."), a real estate agency, and Nina Lascari, a broker employed by Smith & Co. Merget alleged a multitude of state and federal violations relating to his rental of an apartment in the building. Merget's principal claims related to episodes of paint fumes and pesticide applications that allegedly caused him physical and emotional

injuries. Merget also included, <u>inter alia</u>, a claim alleging that Moss and his agents discriminated against black persons and families with children.

After permitting Merget to amend his complaint several times, the district court ultimately dismissed all of his claims except for counts three and five. In relevant part, Merget alleged in count three that the defendants extracted $2,506 in the form of a security deposit from him, and improperly failed to refund that amount. Count five alleged that Moss, Nekritz, Lascari, Driscoll, and Smith & Co. intentionally excluded black persons and minor children from the Kensington through the use of illegal pretexts, including discriminatory credit screening practices, refusing to show apartments to some black applicants or parents of minor children, and failing to hire qualified black employees. Merget claimed that he was injured by the lack of racial and familial diversity, and by the defendants' scheme to violate federal civil rights laws, including the Fair Housing Act. Merget asserted that Kensington Associates harbored racial hostility and malice toward "progressive white [persons] who objected" to this conduct. R2-62 at 12.

After considering opposing motions for summary judgment, the district court granted summary judgment in favor of the defendants on counts three and five, the only remaining counts. With respect to count five, the only claim at issue

in this appeal,[1] the district court found that despite Merget's numerous pleadings, he failed to identify specific facts showing that there was a genuine issue for trial. Rather, the district court found that Merget made "sweeping allegations that [were] unsupported by record evidence." R9-316 at 11. Final judgment was entered for the defendants on 9 January 2006, and all other pending motions were denied as moot.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo, "applying the same familiar standards as the district court." Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (citation omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). In opposing the summary judgment motion, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts

---

[1] Merget's brief on appeal addresses only count five, his claim for violations of the Fair Housing Act, 42 U.S.C. § 3604, and 42 U.S.C. § 1982. It does not address count three, his claim for recovery of his security deposit, and that issue is therefore waived. See CBS Broad., Inc. v. EchoStar Commc'ns Corp., 450 F.3d 505, 520 n.27 (11th Cir. 2006).

showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The Fair Housing Act provides that it shall be unlawful:

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604.

Section 1982 of Title 42 of the United States Code provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

With respect to defendants Moss and Nekritz, partners of Kensington Associates, and Driscoll, an administrative employee at the Kensington property, undisputed evidence showed that if any person, regardless of race or familial status, inquired about leasing an apartment at the Kensington, they were asked whether they owned any pets or owned more than one vehicle, about the size and price range of the desired apartment, and, if apartments were available, they were shown and given a tour of the building and property. In addition, each interested

5

applicant was required to complete the same steps for tenancy approval, including, completing a blank application form with instructions, and submitting a $55 application fee and a check in the amount of the first month's rent. Upon receipt of the same, Driscoll conducted a credit and criminal check of the applicant, and verified employment and prior rental history.  The defendants also submitted evidence showing that the application did not call for any information regarding an applicant's race or familial status.  Moreover, in response to Merget's interrogatories, Nekritz stated that he had no involvement or contribution in the day-to-day operations of the building.

Lascari also submitted an affidavit stating that she never discriminated against any person in the showing of any Kensington unit, and she showed a unit to every person that requested a showing.   Additionally, the district court noted that Smith & Co. and Lascari were not responsible for the actual rental of apartments. Rather, if a person was interested in renting an apartment, Lascari would take that person to the in-house rental office where Kensington employees would take over and Lascari's involvement in the rental process would end.  Specifically, Lascari stated that Smith & Co. and she were not responsible for conducting credit checks, taking deposits, charging application fees, or negotiating rental contract terms.  On this basis, the district court found that Smith & Co. and Lascari were not

responsible for the decision to rent an apartment to a particular person.

Merget failed to identify any specific record evidence showing that there was a genuine issue of material fact for trial. The district court found that most of the documents submitted by Merget were unsworn, and he failed to submit any affidavits or depositions to support his allegations of wrongdoing. Indeed, the documents generated in connection with a state agency investigation and filed by Merget show that the defendants did not discriminate on the basis of race or familial status. In another filing of "material facts for the jury," Merget only posed questions and did not present evidence. In his "Phase One" sworn affidavit, Merget merely filed copies of documents already submitted by him and the defendants, and reiterated his allegations and arguments, while failing to offer any evidence to support his allegations. Furthermore, though Merget stated in a notarized affidavit that he would present witnesses to prove that the defendants lied, he never submitted any affidavits or deposition testimony from those individuals.

Essentially, Merget responded to the defendant's evidence with what the district court characterized as "sweeping allegations that are unsupported by record evidence." R9-316 at 11. A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must

7

set forth specific facts showing that there is a genuine issue for trial." <u>Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 483 F.3d 1265, 1273 (11th Cir. 2007) (quoting Fed. R. Civ. P. 56(e)).  Here, however, that is exactly what Merget has done.  Because Merget has failed to identify any record evidence creating a genuine issue of material fact as to his claim, the district court properly granted summary judgment in favor of the defendants.

### III.  CONCLUSION

Merget appeals the district court's entry of summary judgment in favor of Moss, Nekritz, Driscoll, Smith & Co., and Lascari as to Merget's claim for violation of the Fair Housing Act, 42 U.S.C. § 3604, and 42 U.S.C. § 1982.  Upon a thorough review of the record and the parties' briefs, we find that Merget has identified no genuine issue of material fact for trial and accordingly **AFFIRM** the judgment of the district court.